UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America | : <br> : <br> : <br> : |
| v. | : Docket No. 1:16-CR-00033-1-JL <br> : |
| Daniel E. Musso Sr. | : <br> : <br> : <br> : |

**DEFENDANT'S SENTENCING MEMORANDUM -
REQUEST FOR VARIANCE**

NOW COMES the Defendant, Daniel E. Musso Sr. ("Mr. Musso"), by his attorneys, Preti Flaherty PLLP, and respectfully moves for a variance resulting in a time served sentence, followed by supervised release. In support of his request, Mr. Musso states as follows:

**I.     Procedural History**

On August 14, 2020, following a five-day jury trial, Mr. Musso was found guilty of four counts of Receiving an Unregistered Firearm and one count of Receiving Explosive Materials.

The Court ordered an expedited sentencing hearing, scheduled for October 8, 2020. The Presentence Report ("PSR") calculates Mr. Musso's total offense level to be 22 with a criminal history level of II, resulting in a Sentencing Guideline range of 46 to 57 months. Mr. Musso does not object to this calculation.

Mr. Musso previously served 812 days (27 months) between January 27, 2016 and April 17, 2018. Following his convictions on August 14, 2020, Mr. Musso was detained, resulting in a further 56 days of incarceration to October 8, 2020. Additionally, Mr. Musso was subject to electronic monitoring on release for 554 days between April 17, 2018 and October 23, 2019.

## II. United States Supreme Court's Guidance - Guidelines are Not Presumed Reasonable.

After calculating the appropriate Guideline range, the Court should consider the factors set forth in 18 U.S.C. § 3553(a) to determine an appropriate sentence, explain its reasoning, and select a sentence that is "sufficient, but not greater than necessary, to achieve the goals of sentencing." United States v. Smith, 531 F.3d 109, 111 (1st Cir. 2008) (internal quotations omitted).

In doing so, "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Nelson v. United States, 555 U.S. 350, 352 (2009) (per curiam) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). "The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." Id. (emphasis in original). The sentencing factors in 18 U.S.C. § 3553(a)(2) include:

> the need for the sentence imposed —
>
> (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)   to afford adequate deterrence to criminal conduct;
> (C)   to protect the public from further crimes of the defendant; and
> (D)   to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

"[§ 3553(a)(1)] instructs a sentencing court to consider the 'history and characteristics of the defendant,' without limitation." United States v. Landron-Class, 696 F.3d 62, 77 (1st Cir. 2012). "[A] sentencing court should not consider itself constrained by the guidelines to the extent that there are sound, case-specific reasons for deviating from them. Nor should a sentencing court operate in the belief that substantial variances from the guidelines are always

beyond the pale." United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008). "Rather, the court should 'consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'" Id. (quoting Gall v. United States, 552 U.S. 38, 52 (2007)).

**III.    Defendant's Objections to Content of Presentence Report**

In ¶26 of the PSR, under "Offense Conduct," reference is made to a scheduled plea hearing on April 22, 2019 during which Mr. Musso stated that he was guilty of count 1 of the superseding indictment. Defendant moves to strike this paragraph entirely for the following reasons.

The scheduled plea hearing in 2019 did not result in a knowing, intelligent, and voluntary plea of guilty accepted by the Court. See PSR ¶5 ("the defendant never entered a plea and the matter was scheduled for trial."). The Court, in fact, suspended that hearing and appointed undersigned counsel to independently review the matter due to reservations about whether Mr. Musso was entering a valid plea of guilty. Undersigned counsel subsequently met with Mr. Musso and can report that, in his opinion, this would not have been a knowing, intelligent, and voluntary plea for several reasons that can be elaborated upon at the Sentencing Hearing if necessary. Use of isolated statements from that abandoned hearing to support an argument that Mr. Musso committed perjury is inappropriate.

During the April 2019 hearing in answer to the Court's question of whether his free will had been overborne in any way, Mr. Musso stated, "I'm at the end of my wallet. I mean, I'm broke, broken and broke. I borrowed money to get to the point where I'm at, and I'm pleading out. I can't go any further." See 04/22/19 Hearing Transcript, pp. 34-35. This statement is only one of the grounds upon which undersigned counsel believes that Mr. Musso was not entering a

knowing, intelligent, and voluntary plea that day, meriting the Court's suspension of that proceeding. There are other significant concerns that counsel can discuss at the Sentencing Hearing if necessary. For all of these reasons, PSR ¶26 should be stricken as not relevant to the "Offense Conduct."

For the same reasons, the conclusions in ¶28 of the PSR that "it is reasonable to infer that the defendant committed perjury and, therefore, obstructed justice in this case" is not appropriate. Defendant moves to strike ¶28 and substitute its present text with "Not applicable" or words to that effect.[1]

IV.  **Argument: A Variance Permitting Mr. Musso to Receive a Time Served Sentence Followed By Supervised Release Is Appropriate In Light of his History and Characteristics. Mr. Musso Will Have Served 868 Days of Incarceration by Sentencing on October 8, 2020 (nearly 29 months) in addition to having served 554 days on electronic monitoring. Further incarceration is not warranted.**

It is not an overstatement to say that Dan Musso is a better person today than he was when arrested at the Seabrook Welcome Center on January 27, 2016. At that time over 4 ½ years ago, Mr. Musso was drinking alcohol to excess, both during the day and at night (PSR ¶70), was unduly influenced by current events and matters he read on the internet, and he was not thinking logically.

Since that time, on his own initiative, Dan has sworn off alcohol and remained completely sober for over 4 ½ years. He has no desire to drink alcohol ever again. PSR ¶70. He

---

[1] Mr. Musso has a few other objections concerning The Offense Conduct as described in the PSR and requests the following edits:

- PSR ¶13 states Musso said, "that you throw – hand grenades." The agreed-upon transcript used at trial reflects that he said only, "Throw…Hand grenade..."
- PSR ¶13 states Musso replied, "That's only half of what I need." The agreed-upon transcript used at trial reflects that he said only, "that's only half (UI)."
- PSR ¶24 should include reference to Mr. Musso waiving his Miranda rights following his arrest and providing a statement to the FBI, during which he claimed not to believe he had been given "real" hand grenades.

also has gained insight into his conduct and acknowledges now that if he had not been drinking to excess in the time period before his arrest, this whole episode would not have happened.

As the Court is aware, Mr. Musso already has served nearly 29 months of incarceration for these offenses. If the attempted guilty plea had gone through in April 2019, it is likely that, with acceptance of responsibility, Mr. Musso would have received a time-served sentence. See Memorandum of Decision on Bail, Doc. No. 92 at p. 2 (April 18, 2018) ("If the defendant were convicted of all counts following trial, the projected range would be 41-51 months, or 30 to 37 months in the event of a plea."). Instead, Mr. Musso went to trial, testified, and was found guilty, followed by nearly two months of further incarceration. This has resulted in a three level higher total offense level (22, rather than 19) and a guideline range of 46-57 months, rather than 33-41 months.

With the increased incarceration imposed following his convictions, Mr. Musso has been sufficiently punished for these crimes. Further incarcerating this 59-year-old defendant would not serve the interests of justice. Rather, for the following reasons, a time served sentence followed by supervised release will be "sufficient, but not greater than necessary" to serve all of the purposes set forth in 18 U.S.C. § 3553(a). See United States v. Smith, 531 F.3d at 111.

Criminal defendants are incarcerated, in part, to punish for the crime committed and to deter further criminal behavior. For those inmates with alcohol or substance abuse problems, one goal – if possible – is to provide needed rehabilitation and treatment at the facility of incarceration. See 18 U.S.C. § 3553(a)(2)(D). Under the unique and long procedural history of this case, Mr. Musso already received the alcohol treatment he needed in 2017 and has maintained sobriety ever since.

While incarcerated at the Strafford County House of Corrections, Mr. Musso successfully

completed the Therapeutic Community Program ("T.C. Program") on April 30, 2017, almost 3 ½ years ago. In the T.C. Program, Mr. Musso completed intensive drug and alcohol treatment which included daily drug and alcohol counseling and cognitive behavioral change programming. See Doc. No. 92, p. 3. Mr. Musso's program counselor reported that his progress was excellent, he had a positive attitude, and he contributed to group discussions. Id. In addition, Mr. Musso underwent individual counseling sessions and completed sessions addressing anger management, parenting, and career counseling, leading to his successful completion of the anger management and drug and alcohol treatment programs offered to him. Id. As further noted by Judge DiClerico:

> "The defendant has also been working in the jail library for several months, and Mr. Collins (the jail superintendent) reports that he has done an exemplary job. He has been of good behavior, polite, respectful, and courteous to staff as well as prisoners. He has helped assemble educational materials for teachers and staff…..It is significant that the defendant voluntarily enrolled himself in and completed the drug and alcohol treatment program and completed a class in anger management. His prior involvement with law enforcement undoubtedly was due in part to substance abuse and anger management issues."

Id. at p. 4.

In light of these successes and his continued and prolonged sobriety and full employment after release from custody in April 2018, Mr. Musso does not require further alcohol treatment behind bars, and further incarceration would not be necessary or appropriate.

Prior to his arrest in January 2016, Mr. Musso had never been sentenced to any term of incarceration by any court except for a 2-day time served term in 1991. PSR ¶48. For the instant offenses, he has served almost 29 months of incarceration, a significant amount of time for this defendant. In addition, Dan was subjected to electronic monitoring on release for over 18 months, another form of restriction that the Court may consider in assessing whether further

incarceration is necessary. As the Court is aware, Mr. Musso excelled on supervision, both while electronically monitored and thereafter, and posed no problems to any of his supervising officers in the 28 total months he was on release. This excellent conduct led to the Court's decision to terminate electronic monitoring on October 23, 2019. See Doc. No. 121.

The Court can be confident that upon release, Mr. Musso will pose no danger to others in the community. Despite the FBI's legitimate concerns at the time of arrest that Mr. Musso may have been part of a domestic organization posing dangers to the United States, these concerns proved to be unfounded. Dan acted alone in procuring the grenades, and he assures the Court that he will never again engage in similar conduct in the future. He now benefits from the clear-thinking and logic afforded by prolonged sobriety.

Mr. Musso intends to return to his property in Brentwood, New Hampshire where his shop is located and resume the hard work that has been the cornerstone of his entire adult life. See Gall v. United States, 552 U.S. 38, 44 (2007) (where a defendant's exemplary work history – the start of a successful business – merited a sentencing reduction); United States v. Munoz-Nava, 524 F.3d 1137, 1148 (10th Cir. 2008) (defendant's "long and consistent work history" at a legitimate job merited a variance).

Mr. Musso is relied upon and loved by numerous people in his community, as evidenced by the many letters of support we have submitted. See **Exhibit A**. Upon release, Dan will resume being the hard-working, kind, productive member of society he has demonstrated himself to be since Judge DiClerico ordered his release on supervision in April 2018.[2]

Finally, it should be noted that, following these convictions, Mr. Musso is now a convicted felon, a status which will prevent him – an avid outdoorsman – from ever hunting or

---

[2] In addition to resuming work at his shop, Mr. Musso also would like to serve as a caretaker for his elderly godparents, Anthony and Roberta Coletta, who live in nearby Haverhill, MA.

recreationally shooting firearms again. This is a significant, lifetime consequence for this defendant. See United States v. Pauley, 511 F.3d 468, 474-75 (4th Cir. 2007) (where collateral consequences to defendant caused by convictions merited a downward variance).

## V. Conclusion

In light of Mr. Musso having served nearly 29 months of incarceration and 18 months of electronic monitoring and completed the T.C. Program, a time served sentence followed by one year of supervised release will be "sufficient, but not greater than necessary" to serve all of the sentencing purposes set forth in 18 U.S.C. § 3553(a).

WHEREFORE, for the reasons set forth above, Defendant Daniel E. Musso respectfully requests this Honorable Court to:

A. Grant his motion for a variance;

B. Impose a time-served sentence, followed by one year of supervised release; and

C. Grant such other relief as may be just and proper.

                      Respectfully submitted,

                      DANIEL E. MUSSO

                      By his attorneys,

                      PRETI, FLAHERTY, BELIVEAU & PACHIOS, PLLP

Dated: October 5, 2020        By: /s/ *Simon R. Brown*
                                      Simon R. Brown, Esq., NH Bar # 9279
                                      P.O. Box 1318
                                      Concord, NH 03302-1318
                                      (603) 410-1500
                                      sbrown@preti.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this 5th day of October 2020 a copy of the within *Sentencing Memorandum – Request for Variance* has been provided to the parties of record via ECF.

/s/ *Simon R. Brown*
Simon R. Brown

16098139.1